IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                    Case No. 25-cr-303 (CVR)

KEVIN A. THOBIAS,
Defendant.

### United States' Opposition to Defendant's Motion for Bill of Particulars

**TO THE HONORABLE COURT:**

The United States of America, by its undersigned counsel, and in opposition to Defendant Kevin

A. Thobias' Motion for Bill of Particulars and Memorandum in Support (ECF No. 18) states as follows:

### INTRODUCTION

Defendant Kevin A. Thobias ("Thobias") requests that the United States provide certain

additional information regarding the charged conduct in the Indictment. The United States respectfully

opposes the motion for a bill of particulars and submits that this Honorable Court should deny Thobias'

request.   The United States submits that the Indictment provides sufficient notice and information

regarding the charges pending against Thobias to prepare his defense. (ECF No. 1). Defendant is also

being provided with extensive discovery packages regarding the evidence to be used at trial to minimize

any unfair surprise.  Defendant's request is an impermissible investigative attempt to seek additional

detail regarding how the United States intends to prove the elements of the offenses at trial, wherefore

the motion for a bill of particulars should be denied.

### STANDARD OF REVIEW

Motions for bills of particular "are seldom employed in modern federal practice." *United States*

*v. Ellison*, 442 F. Supp. 3d 491, 496 (D.P.R. 2020) citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id*. citing *Sepulveda*, 15 F.3d at 1192-1193; *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992); *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps to also be protected against retrial on the same charges.").

Furthermore, "[a] bill of particulars is **not** an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Rodriguez-Torres*, 560 F.Supp.2d 108, 111 (D.P.R. 2008) quoting *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)(emphasis added). As such, inquiries into evidentiary or legal theories are not an appropriate basis for a bill of particulars. *Id.* citing *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y. 1977); *United States v. Dubon-Otero*, 76 F.Supp.2d 161, 169 (D.P.R. 1999). The United States is not compelled to disclose how it will prove charges or the precise way the defendant committed the crimes charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981), cert denied, 455 U.S. 1021 (1982) (the defendant has the right "to know the offense with which he is charged, not to know the details of how it will be proved."). Additionally, "[t]o the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary...." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) citing 8 Moore's Federal Practice P. 7.06(1) at 7-31 n. 1 (2d ed. 1978).

2

When evaluating these factors, including whether the defendant can prepare a defense, the Court's determination "is left to the sound discretion of the district judge." *United States v. Hallock*, 941 F.2d 36, 40 (1991) citing *Will v. United States,* 389 U.S. 90, 98-99 (1967). Granting or denying a bill of particulars remains within the sound discretion of the trial court and it is matter of degree how far the accused must be advised in advance of details of evidence that will be produced against him. *Will*, 389 U.S. at 98-99. A denial of the motion does not amount to abuse of discretion unless deprivation of information sought leads to defendant's inability to adequately prepare his defense, avoid surprise, or avoid later risk of double jeopardy. *See United States v. Peake*, 878 F.Supp.2d 346, 349 (D.P.R. 2012).

To prevail in a motion for a bill of particulars, "[a] defendant must show actual prejudice and point to specific evidence or witnesses that the lack of particularization prevented him from obtaining." *United States v. Tirado-Menéndez*, 301 F.Supp.3d 300, 305 (D.P.R. 2018) quoting *United States v. Nelson-Rodriguez*, 319 F.3d 12, 31 (1st Cir. 2003)(internal quotation marks and citation omitted).

## DISCUSSION

The Court should deny Thobias' motion for a bill of particulars. First, when an indictment is sufficiently specific there is no need to grant a bill of particulars. *United States v. Keleher*, 505 F. Supp. 3d 41, 54 (D.P.R. 2020) (quoting *United States v. Vazquez-Rijos*, 250 F.R.D. 99, 100 (D.P.R. 2008)). As the Supreme Court has observed, an indictment parroting the language of a federal criminal statute is often sufficient. *United States v. Hagan*, 23-cr-01, 2023 WL 4684856, at *2 (D. Me. July 21, 2023) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 109, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007)).

An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend and enables him to enter a plea without fear of

double jeopardy." *United States v. Ford*, 839 F.3d 94, 104 (1st Cir. 2016).   An indictment does not

have to describe the government's evidence, plead evidentiary detail, or identify all the facts supporting

the allegations. *See also Resendiz-Ponce*, 549 U.S. 102; *United States v. Urban*, 404 F.3d 754, 771 (3rd

Cir. 2005).

Though a bill of particulars may only be sought for the limited reasons set forth above, in the

case at bar the defendant alleges that "the utter lack of specificity in the indictment severely impairs

Defendant's ability to prepare an adequate and effective defense." (ECF No. 18 at p. 4). Importantly, a

bill of particulars "is not intended to provide the defendant with the fruits of the government's

investigation", but instead "intended to give the defendant only that minimum amount of information

necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d

1104, 1101 (3rd Cir. 1985); *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir.), cert. denied, 442 U.S.

919, 99 (1979); *United States v. Manetti*, 323 F.Supp. 683, 696 (D.Del.1971).

Thus, Defendant seeks details beyond the scope of a bill of particulars. He attempts to acquire

evidentiary details about how the case will be proven at trial, and what evidence the Government will

utilize to meet its burden at trial. This is precisely the type of request that this Honorable Court should

deny.

Defendant is not entitled to a bill of particulars given the straightforward nature of the charges

brought against him in the Indictment. The illegal activity of Defendant is described over the course of

12 pages with extensive details in the Indictment. The Indictment provides clear notice of the basis for

§§ 1349 and 1343 charges and what the defendant must be prepared to meet at trial. Count One alleges

the start date and place the conspiracy began, as well as its end which is within the statute of limitations.

Also, it alleges the object of the conspiracy, which was to "devise and intend to devise a scheme and

artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises." (ECF No. 1 at p. 7). Moreover, Count One contains general allegations; the scheme to defraud; the manner and means of the scheme to defraud; as well as the methods and forms by which Defendant devised the scheme and artifice to defraud and obtained money and property by false and fraudulent means, representations and promises during the term of the conspiracy.

Specifically, Count One alleges that beginning in or about September 2018 and continuing through in or about December 2020, Defendant knowingly and willfully executed and attempted to execute a scheme and artifice to defraud Amazon Marketplace's consumers of money and property by means of materially false and fraudulent pretenses, representations and promises. (ECF No. 1 at p. 5). Count One charges Defendant and other known and unknown co-defendants for conspiring to commit wire fraud by devising and intending to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and to procure and receive services that bestowed on Defendant an unfair competitive advantage over third-party sellers, and to cause the misrepresentation of material facts regarding products' ratings to obtain purchases on the Amazon Marketplace. (*Id*. at p. 7). Count One provides general allegations about Amazon Marketplace which is an electronic commerce digital platform operated by Amazon.com, on which costumers purchase goods, multimedia, and services from online merchants. (*Id.* at p. 1). It alleges that from in or about February 2018 to in about December 2020, Defendant through a series of limited liability companies owned by Nutragroup Holdings LLC ("Nutragroup"), was a third-party seller of testosterone and other supplements on Amazon Marketplace. (*Id.* at p. 2). On or about February 6, 2018, Thobias provided false information in an application to obtain a tax exemption under the Act

5

to Promote the Export of Services ("Act 20") of January 17, 2012. (*Id*.). On May 17, 2018, based on the false information provided by the defendant about his background, a tax exemption was granted by the Puerto Rico Department of Economic Development and Commerce (DEDC) to Nutragroup and its multiple LLCs. (*Id*.). Further, Count One alleges that Thobias was the only stockholder listed for Nutragroup in the Tax Incentives Application for Act 20. (*Id*.). Count One also alleges that on or about September 19, 2018, Thobias provided false information regarding his background while applying for a tax exemption under the Act to Promote the Relocation of Individual Investors to Puerto Rico ("Act 22") of January 17, 2012. (*Id.*). As a result, on November 6, 2018, he received a tax exemption from the DEDC under Act 22. (*Id.*). Count One explains in detail the types of tax benefits and incentives offered by Acts 20 and 22, and the necessary requirements to obtain a tax exemption decree under both acts. (*Id.*). It further explains that while Nutragroup's tax exemption was based on the representation that it would not hold title to the products sold, Thobias used Badass Fulfillment LLC to purchase the supplements from the suppliers and hold title to the supplements until sold. (*Id.*).

In addition, Count One alleges that Defendant used WhatsApp, WeChat, and Telegram, interstate wire messaging applications, to conduct the business of Nutragroup, including the procurement, coordination, and receipt of services that provided him with unfair competitive advantages over other sellers within the Amazon Marketplace and resulted in the manipulation of consumer perception of Nutragroup's products, including but not limited, to a testosterone supplement. (*Id*. at p. 4). Also, between 2018 to 2000, Thobias had two employees in Nutragroup's business, whom he caused "to perform and execute tasks to coordinate and receive services that provided him with unfair competitive advantages over other sellers within the Amazon Marketplace and resulted in the manipulation of consumer perception of Nutragroup's products and the defrauding of customers on

Amazon Marketplace." (*Id.* at p. 5). Thobias sold assets to Company A, and invested in stocks, using a brokage account, the proceeds of the sale to Company A. (*Id.*). "Using that brokage account as collateral for a loan, [Thobias] undertook a series of financial transactions to acquire a 2018 Bugatti Chrion (VIN # VF9SP3V34JM795083)." (*Id.*).

Additionally, Count One alleges that as part of the means and manners of the scheme to defraud: "Thobias would procure and cause others in his employ to procure services, at times, referred to as black hat services that would give him as a third-party seller on Amazon an unfair competitive advantage over other third-party sellers, and impaired consumers' access to accurate, reliable information about merchants, products, and reviews on the Amazon Marketplace." (*Id.* at p. 6). "Thobias would procure and cause others in his employ to procure services that included, but were not limited to, removal of negative product reviews from product listings and removal of competitors from product listings." (*Id.*). "Thobias would procure and coordinate these services using electronic means, including messaging services such as WhatsApp, WeChat, and Telegram." (*Id.*). It was further part of the manner and means of the scheme to defraud that "Thobias would pay and cause others in his employ to pay for the services through electronic means including through PayPal." (*Id.*). Also, "Thobias would procure and pay and caused others to procure and pay for services, including but not limited to removal of negative reviews of his products on the Amazon Marketplace, including causing the misrepresentation of material facts regarding products' ratings to obtain purchases and creating obstacles that impaired other third-party sellers' ability to sell in the Amazon Marketplace." (*Id.* at pp. 6-7).

By the same token, Counts Two and Three allege the time, place, and two specific instances, on February 4, 2021, and July 2, 2024, that Thobias committed wire fraud by communicating through

electronic means, including messaging services such as WhatsApp and Telegram, to further the scheme to defraud. (*Id.* at pp. 8-9). Count Four alleges the time and place Thobias "engage[d] and attempt[ed] to engage in . . . monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal, deposit, and transfer of U.S. currency, fund, and monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud and conspiracy to commit wire fraud." (*Id.* at pp. 9-10).

A conspiracy does not normally occur at only one time or place; it often takes shape and is carried out over a period, frequently in various places.   While a conspiracy may include several overt acts, the government is not required to prove any of the acts constituting the conspiracy and so the absence of a statement of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague. *Hallock*, 941 F.2d at 40-41. *See also United States v. Paiva*, 892 F.2d 148, 153-55 (1st Cir. 1989) (holding that the district court did not abuse its discretion in denying bill of particulars where defendant sought precise dates he participated in conspiracy, names of persons he conspired with, and times and places of acts because indictment referring to multiple transactions and specifying "early 1983" was "sufficiently narrow to allow [him] to prepare his defense"). In addition, it is noted that multiple Circuits (2nd Circuit, 4th Circuit, 5th Circuit, 6th Circuit, 10th Circuit, 11th Circuit), have held that "Section 1349 does not expressly require commission of an overt act … a conviction under the statute does not require proof of an overt act". *United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) citations omitted.

Defendant asks the United States to identify the victims of wire fraud and wire fraud conspiracy and defendant's co-conspirators. (ECF No. 18, at p. 4). However, the United States does not need to

provide the requested specifics. *See United States v. Orego-Martinez,*575 F.3d 1, 6 (1st Cir. 2009) ("The prosecution must prove beyond a reasonable doubt that a defendant intended to defraud or mislead someone, but the indictment need not specify the intended victim; the focus is on defendant's intent, not the victim's identity."); *United States v. Coffey*, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005) (Defendants were not entitled to bill of particulars on identity of their co-conspirators, where indictment and additional evidence and information supplied sufficiently informed them of nature of charges against them.); *United States v. Reinhold*, 994 F. Supp. 194, 201 (S.D.N.Y. 1998) (Defendants in prosecution for conspiracy to commit wire fraud, who had had extensive discovery both in criminal case and in related civil case, were not entitled to bill of particulars disclosing names of alleged co-conspirators not named in indictment.); *United States v. Kunzman*, 54 F.3d 1522, 1526  (10th Cir. 1995) (In prosecution for securities fraud and money laundering, trial court properly held that defendant was not entitled to bill of particulars, where indictment described fraud scheme in detail, and defendant was allowed full discovery of prosecution's materials.); *United States v. Coleman*, 940 F. Supp. 15, 19 (D.D.C. 1996)(In prosecution for participating in scheme of fraud, embezzlement, and money laundering, and conspiracy to commit such acts, motion for bill of particulars was denied, where government had provided counsel with lengthy and detailed indictment, and with 14 boxes of discovery materials.). The United States submits that the indictment provides ample information about the charges, which coupled with the discovery materials will allow Defendant to prepare his defense. The defense also asks the United States to provide information pertaining to the "black hat services," "misrepresentation of material facts," "the sale of assets to Company A," overt acts in furtherance of the conspiracy, wire transfers made in furtherance of the wire fraud scheme and specified illegal activity from which the 2018 Bugatti derived, among other information. *See* ECF No. 18.   All of defendant's

inquiries are geared towards obtaining evidentiary details about how the case will be proved at trial, information that Defendant is not entitled to obtain from the government. *See Rodriguez-Torres*, 560 F. Supp. 2d at 111 ("As such, inquiries into government witness lists, or evidentiary or legal theories, are generally not proper purposes for a bill of particulars.") (internal citations omitted).

In addition, Defendant's request in relation to forfeiture is beyond the scope of what is required from the United States pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2 requires that the United States in the Indictment provide notice to a defendant that it will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The rule does not require that the charging document identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." The Indictment in this case includes a forfeiture allegation, specifically identifying the property subject to forfeiture. This is sufficient notice to the Defendant that the United States will seek the forfeiture of the 2018 Bugatti Chrion. (ECF No. 1 at p. 11).

Defendant has not demonstrated the requisite prejudice that would entitle him to a bill of particulars. *Nelson-Rodriguez*, 319 F.3d at 31 (explaining that to prevail on a motion for a bill of particulars, "[a] defendant must show actual prejudice and point to specific evidence or witnesses that the lack of particularization prevented him from obtaining") (internal quotation omitted). *See Vázquez-Rijos*, 250 F.R.D. at 100 ("When an indictment is sufficiently specific there is no need to grant a bill of particulars."). Defendant is free to present his arguments regarding the sufficiency of the United States' evidence to the jury at trial. The United States has no obligation to provide a road map of its case for the Defendant and thus, the motion for a bill of particulars should be denied.

## CONCLUSION

The United States has provided discovery and will continue to do so with additional discovery packages, if necessary, pursuant to our continuous duty to discover and disclose all Rule 16 material in our possession. Defendant's motion for a bill of particulars is unwarranted and the United States respectfully requests for it to be denied.

**WHEREFORE**, the United States of America respectfully requests that this Honorable Court deny Defendant's Motion for Bill of Particulars.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this August 7, 2025.

W. STEPHEN MULDROW
United States Attorney

s/*Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, P.R. 00918
Tel. (787) 766-5656
Email: myriam.y.fernandez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/*Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez
Assistant United States Attorney