# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**KEVIN A. THOBIAS,**

*Petitioner*,

**v.**

**RUSSELL BOWEN,**

*Respondent*.

**CRIM. NO.: 25-303 (CVR)**

## MOTION TO QUASH

TO THE HONORABLE COURT:

COMES NOW, Special Agent Russell Bowen, employee of U.S. Department of Homeland Security (hereinafter referred to as "Respondent" or "DHS"), represented by and through the undersigned attorneys, who very respectfully moves to quash a subpoena seeking to compel Respondent to testify and produce records in this matter:

### A. INTRODUCTION

1.   On or about November 14, 2025, Petitioner issued a Subpoena seeking the testimony of Special Agent Russell Bowen. (Exhibit A-Subpoena) On November 24, 2025, DHS, through its Acting Deputy Chief Counsel, informed Petitioner via letter that his request was not in compliance with the applicable Federal regulations and, for the reasons stated below, DHS Special Agent Russell Bowen is not authorized by DHS to appear for testimony commencing on December 1, 2025, in the captioned case.

2.   The United States Supreme Court has specifically recognized the authority of a federal agency,

1

such as DHS, to restrict the production of information, documentation, and/or testimony of its subordinate employees. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boske v. Comminfore*, 177 U.S. 459 (1900).

3.   DHS has enacted regulations that govern the release of testimony by DHS employees or documents in a legal proceeding where the United States is not a party.  These regulations are commonly referred to as *Touhy* regulations and can be found at 6 C.F.R. §§ 5.41-5.49.  *See generally United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  The *Touhy* regulations are an absolute condition precedent to obtaining testimony or other information from a DHS employee, and the regulations must be complied with before the DHS or the U.S. Immigration and Customs Enforcement ("ICE") may respond to any such request.  *See U.S. v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *Ho v. U.S.,* 374 F.Supp.2d 82 (D.D.C. 2005).

4.   DHS regulations bar all DHS employees, including former employees, from *inter alia* providing responses to questions by attorneys in situations involving litigation regarding any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired while the subject of the request for information is or was employed by DHS, unless authorized to do so by the DHS Office of General Counsel or its designees.  *See* 6 C.F.R. § 5.44.

5.   In this case, DHS Office of General Counsel found that there is no evidence that the testimony of Special Agent Russell Bowen is relevant or material to the pending action and, in addition, would be unduly burdensome. (6 C.F.R. § 5.48(a)) Special Agent Perez is currently under military orders and on leave from his duties as a DHS employee. He is, therefore, unavailable to testify at the upcoming hearing.

## B. REQUEST TO QUASH SUBPOENA FORTHWITH

**The enclosed subpoena (Exhibit A) should be quashed forthwith since Special Agent Russell Bowen has not been authorized to provide testimony and/or evidence related to his official duties as a DHS employee and, in absence of such authorization and pursuant to federal law, he is prohibited from complying with the subpoena**

Regulations issued by D H S prohibit its employees from testifying or otherwise disclosing information without the approval of DHS Office of General Counsel ("OGC"). These regulations are contained in 6 C.F.R. § 5.44. The primary statutory authority for the type of regulation under discussion is 5 U.S.C. § 301, which authorizes the head of every agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."

In general terms, this type of regulation establishes a central authority in each agency or department to determine whether and to what extent subpoenas for testimony and documents will be honored. That central authority, upon proper application by the third party, determines whether the agency will comply with the request and allow the testimony or document production, or whether it will, for legitimate reasons, deny such request.

The regulations apply to official documents and testimony relating to agency information only. When the agency central authority reaches its decision, the employee is notified if and to what extent he or she can respond to the request for testimony or documents. The regulation has the force and effect of law, and the instructions issued thereunder are binding on the employee. *See Mclvenny-Robinson v. Joel Nazario*, 2022 WL 845578 (D.P.R. Mar. 22, 2022) wherein this Court quashed a subpoena sought against a federal employee. *See also Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007), and *Torres-Estrada v. Garcia-Garcia*, 99 F.Supp.3d 232, 234-237 (D.P.R. 2015).

In *Touhy*, the United States Supreme Court specifically recognized the authority of a federal agency to restrict the testimony of its employees. *United States ex rel Touhy v. Ragen*, 340 U.S. at 468. Further, in that case the Supreme Court held that a U.S. Department of Justice employee could not be held in contempt for his refusal to obey a subpoena duces tecum when his refusal was at the direction of the Attorney General. *Id*. Accordingly, a federal employee may not be compelled to violate a valid federal regulation that prohibits the employee from giving evidence without the agency's assent.

Regulations of this kind are not unique to DHS and are commonplace among federal agencies. *See*, for instance, 28 C.F.R. §§ 16.22 *et seq.* (Department of Justice); and 29 C.F.R. §§ 2.20 *et seq.* (Department of Labor). Moreover, as mentioned above, the validity of this kind of regulation has been upheld on numerous occasions. *See United States ex rel Touhy v. Ragen*, *supra*. *See also Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998); and *Moore v. Amour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

Here, as in *Touhy* and its progeny, DHS has not given permission for one of its employees to comply with a demand for official testimony and/or evidence related to his duties. The governing federal law and regulations prohibit Respondent from complying with the terms of the subpoena except and until DHS' OGC authorizes him to do so — and that authority has not yet been granted. DHS has not received any information from the Petitioner, upon which the DHS can even consider authorizing Respondent's testimony. Therefore, Respondent respectfully requests that the subpoena issued to him be quashed forthwith.

WHEREFORE, it is respectfully requested that this Honorable Court quash the Petitioner's subpoena dated November 14, 2025, issued to Special Agent Russell Bowen because he has not been authorized to provide testimony and/or evidence related to his official duties as a DHS employee.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on November 25, 2025.

W. Stephen Muldrow
United States Attorney

s/Desirée Laborde-Sanfiorenzo
Desirée Laborde-Sanfiorenzo
Assistant United States Attorney
USDC-PR No: 208010
Torre Chardón, Suite 1201
350 Carlos Chardón Street
Hato Rey, Puerto Rico 00918
Telephone Number (787) 766-5656

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** (1) that today, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification of such filing to any attorneys of record in the above captioned matter.

s/Desirée Laborde-Sanfiorenzo
Desirée Laborde-Sanfiorenzo
Assistant United States Attorney

5

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico <span style="color:red">Exhibit A</span>

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  25-cr-303 (CVR) |
| KEVIN A. THOBIAS | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Russel Bowen

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: Clemente Ruiz Nazario U.S. Courthouse 150 Carlos Chardón St. Hato Rey, Puerto Rico  00918 | Courtroom No.:  4 |
|---|---|
| | Date and Time:  12/1/2025 at 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date:   11/14/2025

Ada I. Garcia-Rivera, Esq.
*CLERK OF COURT*



Digitally signed by
Franchesca Torres
Date: 2025.11.14 11:36:04
-04'00'

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Kevin A. Thobias
_____ , who requests this subpoena, are:

Jonathan Edderai, Admitted Pro Hac Vice
Cohen Edderai LLP
1132 Kane Concourse, Suite 205, Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com, (786) 505-0431

Victor O. Acevedo-Hernandez, USDC-PR No. 227813
*Casillas, Santiago & Torres, LLC*
PO Box 195075, San Juan, PR 00919-5075
vacevedo@cstlawpr.com, (787) 523-3434

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.  25-cr-303 (CVR)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* ........................................................

was received by me on *(date)* ........................... .

□  I served the subpoena by delivering a copy to the named person as follows: ........................

........................................................................................................................................

........................................................................... on *(date)* ........................... ; or

□  I returned the subpoena unexecuted because: ...............................................................

........................................................................................................................................

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ................................... .

My fees are $ ................... for travel and $ ................... for services, for a total of S ......0...... .

I declare under penalty of perjury that this information is true.

Date: ...........................        .......................................................
                                                    *Server's signature*

                                       .......................................................
                                                   *Printed name and title*

                                       .......................................................
                                                     *Server's address*

Additional information regarding attempted service, etc: