UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEVIN A. THOBIAS,**<br>*Petitioner*,<br><br>v.<br><br>**JAMES J. PETERS,**<br>*Respondent*. | **CRIM. NO.: 25-303 (CVR)** |

## MOTION TO QUASH

TO THE HONORABLE COURT:

COMES NOW, Program Manager James J. Peters, employee of U.S. Customs and Border Protection ("CBP" or "Agency") (hereinafter referred to as "Respondent"), represented by the United States and through the undersigned attorneys, who very respectfully move to quash a subpoena seeking to compel Respondent to testify and produce records in this matter:

### A. INTRODUCTION

1. CBP received Petitioner's renewed subpoena in *United States v. Kevin A. Thobias*, 25-cr-303 (D.P.R.) in January 2026. Petitioner continues to seek the testimony of Program Manager James J. Peters at a hearing to be convened on February 2, 2026. Petitioner's request largely mirrors his prior request denied by the Agency on November 24, 2025, and quashed by the U.S. District Court for the District of Puerto Rico on November 26, 2025. Nevertheless, the Agency reviewed Petitioner's second request pursuant to the applicable federal regulations and, for the reasons detailed below, does not authorize Program Manager James J. Peters to appear for testimony on February 2, 2026.[1]

---

[1] After CBP issued its second denial to Petitioner via email on January 14, 2026, the Agency received a third request for Mr.

1

2. The United States Supreme Court has specifically recognized the authority of a federal agency to restrict the production of information, documentation, and/or testimony of its subordinate employees. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951); *Boske v. Comingore*, 177 U.S. 459 (1900). The procedure for requesting CBP information in any federal, state, local, or foreign proceeding is set forth in 19 C.F.R. Part 103.

3. Petitioner's second request for Mr. Peters testimony was made timely. The production of CBP testimony, however, is only permissible if disclosure is appropriate under the factors specified in 19 C.F.R. § 103.23(a), and if none of the factors specified in 19 C.F.R. § 103.23(b) exist with respect to the testimony. In this case, as was the case in Petitioner's prior request quashed by this honorable court, there is no evidence that the testimony is relevant or material to the pending action, as required by 19 C.F.R. § 103.23(a)(3)(i), and there is no evidence that the testimony is genuinely necessary to the proceeding, as required by 19 C.F.R. § 103.23(a)(3)(ii). Specifically, although Petitioner contends that Program Manager Peters would testify about the investigation leading to the search of Petitioner's phone, by Petitioner's own account, Homeland Security Investigations (HSI) "retained Defendant's cell phone and conducted a forensic analysis and extraction of the phone and its data." As Petitioner seemingly takes issue with whether HSI had reasonable suspicion to search his phone, HSI is best positioned to answer questions related to its decision to detain and search Petitioner's cell phone, not CBP.

## B. REQUEST TO QUASH SUBPOENA FORTHWITH

**The enclosed subpoena (Exhibit A) should be quashed forthwith since Program Manager James J. Peters has not been authorized to provide testimony and/or evidence related to his official duties as a CBP employee and, in absence of such authorization and pursuant to federal law, he is prohibited from complying with the subpoena.**

---

Peters to testify. Petitioner's third request included slightly more detail about the alleged relevance of Mr. Peters' testimony and attached a copy of the same subpoena commanding his appearance on February 2, 2026. CBP has not responded to Petitioner's third request and maintains its position from its prior denials, which are further detailed at section A.3 of the present motion. For the reasons explained herein and in response to Petitioner's prior requests, CBP also denies Petitioner's third request.

Regulations issued by CBP prohibit its employees from testifying or otherwise disclosing information without the approval of CBP's Chief Counsel ("CC"). These regulations are contained in 19 C.F.R. § 103.22. The primary statutory authority for the type of regulation under discussion is 5 U.S.C. § 301, which authorizes the head of every agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."

In general terms, this type of regulation establishes a central authority in each agency or department to determine whether and to what extent subpoenas for testimony and documents will be honored. That central authority, upon proper application by the third party, determines whether the agency will comply with the request and allow the testimony or document production, or whether it will, for legitimate reasons, deny such request.

The regulations apply to official documents and testimony relating to agency information only. When the agency central authority reaches its decision, the employee is notified if and to what extent he or she can respond to the request for testimony or documents. The regulation has the force and effect of law, and the instructions issued thereunder are binding on the employee. *See McIvenny-Robinson v. Joel Nazario*, 2022 WL 845578 (D.P.R. Mar. 22, 2022) wherein this Court quashed a subpoena sought against a federal employee. *See also Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007), and *Torres-Estrada v. Garcia-Garcia*, 99 F.Supp.3d 232, 234-237 (D.P.R. 2015).

In *Touhy*, the United States Supreme Court specifically recognized the authority of a federal agency to restrict the testimony of its employees. *United States ex rel. Touhy v. Ragen*, 340 U.S. at 468. Further, in that case the Supreme Court held that a U.S. Department of Justice employee could not be held in contempt for his refusal to obey a subpoena duces tecum when his refusal was at the direction of the Attorney General. *Id*. Accordingly, a federal employee may not be compelled to violate a valid federal regulation that prohibits the employee from giving evidence without the agency's assent.

As relevant to this case, the CBP regulation codified at 19 C.F.R. § 103.22 specifically prohibits CBP employees from giving such evidence without prior written approval of CBP's Chief Counsel. It states:

> (a) **General prohibition against disclosure.** In any federal, state, or local civil proceeding or administrative action in which CBP is not a party, no CBP employee shall, in response to a demand for CBP information, furnish CBP documents or testimony as to any material contained in CBP files, any information relating to or based upon material contained in CBP files, or any information or material acquired as part of the performance of that person's official duties (or because of that person's official status) without the prior written approval of the Chief Counsel, as described in paragraph (b) of this section.

19 C.F.R. § 103.22(a).

Regulations of this kind are not unique to CBP and are commonplace among federal agencies. *See*, for instance, 28 C.F.R. §§ 16.22 *et seq.* (Department of Justice); and 29 C.F.R. §§ 2.20 *et seq.* (Department of Labor). Moreover, as mentioned above, the validity of this kind of regulation has been upheld on numerous occasions. *See United States ex rel. Touhy v. Ragen*, *supra*. *See also Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998); and *Moore v. Amour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

Here, as in *Touhy* and its progeny, CBP has not given permission for one of its employees to comply with a demand for official testimony and/or evidence related to his duties. The governing federal law and regulations prohibit Respondent from complying with the terms of the subpoena except and until CBP's CC authorizes him to do so — and that authority has not yet been granted. CBP has not received any information from the Petitioner, upon which CBP can consider authorizing Respondent's testimony. Testimony explaining why HSI "retained Defendant's cell phone and conducted a forensic analysis and extraction of the phone and its data" can only be obtained from HSI. Therefore, Respondent respectfully requests that the subpoena issued to him be quashed forthwith.

WHEREFORE, it is respectfully requested that this Honorable Court quash the Petitioner's

subpoena dated February 2, 2026, issued to Program Manager James J. Peters because he has not been authorized to provide testimony and/or evidence related to his official duties as a CBP employee.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on January 23, 2026.

> W. Stephen Muldrow
> United States Attorney
>
> s/Desirée Laborde-Sanfiorenzo
> Desirée Laborde-Sanfiorenzo
> Assistant United States Attorney
> USDC-PR No: 208010
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street Hato Rey, Puerto Rico
> Telephone Number (787) 766-5656

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** (1) that today, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification of such filing to any attorneys of record in the above captioned matter.

> s/Desirée Laborde-Sanfiorenzo
> Desirée Laborde-Sanfiorenzo
> Assistant United States Attorney

Exhibit A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Puerto Rico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| KEVIN A. THOBIAS | ) | Case No.  25-cr-303 (CVR) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   James J. Peters

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Clemente Ruiz Nazario U.S. Courthouse 150 Carlos Chardón St. Hato Rey, Puerto Rico  00918 | Courtroom No.:  4 |
|---|---|---|
| | | Date and Time:   2/02/2026 at 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date:  12/16/2025

Ada I. Garcia-Rivera, Esq., CPA
*CLERK OF COURT*



Digitally signed by
Franchesca Torres
Date: 2025.12.16 18:05:10
-04'00'

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Kevin A. Thobias
, who requests this subpoena, are:

Jonathan Edderai, Admitted Pro Hac Vice
Cohen Edderai LLP
1132 Kane Concourse, Suite 205, Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com, (786) 505-0431

Victor O. Acevedo-Hernandez, USDC-PR No. 227813
Casillas, Santiago & Torres, LLC
PO Box 195075, San Juan, PR 00919-5075
vacevedo@cstlawpr.com, (787) 523-3434

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 25-cr-303 (CVR)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

[Print]  [Save As...]  [Add Attachment]  [Reset]