IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff

v.

KEVIN A. THOBIAS,
Defendant.

CASE NO. 25-303(CVR)

**UNITED STATES' OPPOSITION TO MOTION TO DISMISS THE INDICTMENT**

COMES NOW, the United States to respectfully allege and pray as follows:

**INTRODUCTION**

At ECF No. 92, defendant Kevin A. Thobias asks the Court to dismiss all counts of the Indictment for failure to state an offense. *See* Federal Rules of Criminal Procedure Rule 12(b)(3)(v).  Defendant argues that Supreme Court and First Circuit authority require that a wire fraud scheme's objective be to "deprive victims of tangible "money or property," not merely to deceive or impair access to information, fair competition, or the "right to control" marketplace decisions".  *See* ECF No. 92, page 2.  Defendant's arguments fail as he tries to frame the Indictment as a right of control theory (rejected by the Supreme Court in the context of wire fraud), all the while ignoring that the fraudulent-inducement theory has been found by the Supreme Court to be consistent with Section 1343.  *See* Kousisis v. United States, 605 U.S. 114 (2025).

**DISCUSSION**

The Indictment in the present case is "a facially valid indictment returned by a duly constituted grand jury" and  it thus "calls for a trial on the merits." United States v. Wipp-Kelley, 98 F. Supp. 3d 405, 407 (D.P.R. 2015) citing United States v. Stokes, 124 F.3d 39, 44

(1st Cir.1997).  An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he [or she] must defend, and enables him [or her] to enter a plea without fear of double jeopardy." United States v. Martin-Alfaro, 553 F. Supp. 3d 1, 2 (D.P.R. 2021) citing United States v. Ford, 839 F.3d 94, 104 (1st Cir. 2016) (internal quotation marks and citation omitted). The elements alleged must amount to an offense.  *Id.*

**A.     The Indictment is sufficient in containing the elements of the offense charged.**

At present, defendant is charged with four counts: conspiracy to commit wire fraud in violation of Title 18 U.S.C. §§ 1349 and 1343 (Count One); wire fraud in violation of Title 18 U.S.C. § 1343 (Counts Two and Three); and money laundering in violation of Title 18 U.S.C. § 1957 (Count Four).  As to wire fraud (Counts Two and Three), the United States must prove the following: "(1) a scheme or artifice to defraud using false or fraudulent pretenses; (2) the defendant's knowing and willing participation in the scheme or artifice with the intent to defraud; and (3) the use of the interstate wires in furtherance of the scheme." United States v. Pena, 910 F.3d 591, 596 (1st Cir. 2018) citing United States v. Appolon, 715 F.3d 362, 367 (1st Cir. 2013).  The false or fraudulent representation must be material.  Id. at 367.   A reading of the Indictment reflects that the United States clearly alleged those elements of the offense as to Counts Two and Three by describing the scheme to defraud Company A "by omitting during the sale of assets to Company A' that defendant had procured, coordinated and received services that provided him with unfair competitive advantages over other sellers within the Amazon Marketplace and resulted in the misrepresentation of material facts regarding the Purchased Assets"; alleging that defendant acted knowingly and willfully in executing the scheme; and identifying the wire transmissions in furtherance of the scheme.

*See* ECF No. 1, pages 8-9 and ¶15 at page 5, among the other General Allegations of the Indictment, which were incorporated into the charged Counts.

As to conspiracy to commit wire fraud (Count One), the United States must prove beyond a reasonable doubt that an agreement existed to commit the underlying substantive offense (in this case, wire fraud under 18 U.S.C. § 1343), that the defendant knew of the agreement, and that he voluntarily joined it with the intent to commit the underlying offense. *See* United States v. Iwuala, 789 F.3d 1, 9 (1st Cir. 2015).  Guilty knowledge and intent may be proven solely by circumstantial evidence. See Iwuala, 789 F.3d at 9 citing United States v. O'Brien, 14 F.3d 703, 706 (1st Cir.1994).

Defendant's arguments that the Indictment fails to allege a scheme to deprive victims of "money or property" and that "the alleged manipulation of reviews and ratings does not target consumers' money or property" is contrary to the plain language of the Indictment. *See* ECF No. 92, pages 5 and 8.  The Indictment includes the required notice to defendant as to the charged scheme to defraud for Count One, that is, to defraud consumers who used the Amazon Marketplace of money and property and to obtain money and property from said consumers by means of materially false and fraudulent pretenses, representations and promises.  *See* ECF No. 1, ¶ 17.  The Indictment advises defendant how the scheme to defraud was accomplished, that he conspired willfully and knowingly, and that the object of the conspiracy was, in sum and substance, to procure and receive services that bestowed an unfair competitive advantage over other third-party sellers, and to cause the misrepresentation of material facts regarding products' ratings to obtain purchases on the Amazon Marketplace. *See* ECF No. 1, ¶¶ 18, 19, 20.

As to the money laundering charging a violation of § 1957, the United States must

3

prove (1) that defendant had general knowledge of the subject property's criminal nature, and (2) that the property, in fact, was derived from a specified offense listed in 18 U.S.C. § 1956(c)(7). The United States does not need to prove that defendant had knowledge of the specified offense, or that he committed it. United States v. Benjamin, 252 F.3d 1, 7 (1st Cir. 2001) citing United States v. Richard, 234 F.3d 763 (1st Cir. 2000). Once again, a reading of the Indictment addresses each of these elements. *See* ECF No. 1, page 9, as well as ¶16 at page 5, among the other General Allegations of the Indictment, which are incorporated into the charged Counts.

### B. Wire fraud does not require economic loss.

Defendant's reading of cases such as Ciminelli v. United States, 598 U.S. 306 (2023), and United States v. Abdelaziz, 68 F.4th 1, 18–20 (1st Cir. 2023), seem to have convinced him that wire fraud requires a loss. *See* ECF No. 92, page 2 (Similarly, the alleged omissions during the asset sale to Company A do not allege a fiduciary duty or direct property loss.); page 3 (The Indictment does not detail specific victims or quantifiable property losses.); page 9 (The Indictment lacks any allegation of quantifiable loss or property as the direct target.); page 10 (The Government's Indictment turns any form of deception into property fraud without showing any actual loss of money or property.); page 11 (The Indictment does not allege facts showing that disclosure of the alleged omitted activity would have affected Company A's decision to purchase the assets, the price paid, or otherwise caused a traditional property loss). It does not. Economic loss is not required for fraud to exist. *See* Kousisis v. United States, 605 U.S. 114 (2025) (A defendant who induces a victim to enter a transaction under materially false pretenses may be convicted of federal fraud even if the defendant did not seek to cause the victim economic loss).

The Supreme Court is clear in <u>Kousisis</u> that "federal fraud statutes reach only 'traditional property interests'", and not, for example, schemes that target the exercise of the Government's regulatory power or  schemes that seek to deprive another of "intangible interests unconnected to property." <u>Kousisis</u>, 605 U.S. at 122.  Obtaining the victim's money or property must be the "aim," not an "incidental byproduct," of the defendant's fraud. *Id.* However, the wire fraud statute is "agnostic about economic loss", and the statute does not mention or require loss.  Section 1343 is violated by scheming to "obtain" the victim's "money or property," regardless of whether the defendant sought "to leave the victim economically worse off".  <u>Kousisis</u>, 605 U.S. at 124.

**C. The Indictment is not based on a right to control theory.**

Defendant wants the Court to examine the Indictment as presenting a right to control theory which was rejected in <u>Ciminelli v. United States</u>, 598 U.S. 306 (2023).  Moreover, defendant ascribes to <u>United States v. Abdelaziz</u>, 68 F.4th 1, 34 (1st Cir. 2023) a much broader meaning that the First Circuit itself did in its opinion.  <u>United States v. Abdelaziz</u>, 68 F.4th 1, 34 (1st Cir. 2023) (We emphasize the narrowness of our holding: We do not hold that admissions slots cannot ever be property…. A court may well be able to validly conclude on the evidence in a particular case that admissions slots constitute property).  Defendant also fails to grasp the significance of <u>Kelly v. United States</u>, 590 U.S. 391, 398 (2020), which holds that the wire fraud statute prohibits deceptive "schemes to deprive [the victim of] money or property."  In <u>Kelly</u>, defendants sought political payback, not money or property, accordingly the Court did not find that their actions constituted wire fraud. Defendant in this case was looking to sell his products for money.

The United States submits that this Indictment does not present a right to control

theory, but rather a fraudulent-inducement theory that the Supreme Court took great care in defining and distinguishing from the right-to-control theory. In comparing these two theories, the Supreme Court indicated that fraudulent inducement does not treat "mere information as the protected interest". The theory protects money and property. The Court specifically stated that it "did not discuss, much less reject, the fraudulent-inducement theory" in Ciminelli, 598 U.S. at 317–318. Kousisis, 605 U.S. at 135.

In Kousisis, the Supreme Court clarified that the fraudulent-inducement theory is consistent with Section 1343, and defined it as a defendant committing federal fraud whenever he used a material misstatement "to trick a victim into a contract that requires handing over her money or property—regardless of whether the fraudster, who often provides something in return, seeks to cause the victim net pecuniary loss". Kousisis, 605 U.S. at 118. The Supreme Court found that "the prototypical fraudulent-inducement scheme" plainly satisfies each of these statutory elements of wire fraud. Kousisis, 605 U.S. at 122-123.

D.    **The United States does not need to prove a duty to disclose as argued by Defendant**.

Defendant also attempts to attack the wire fraud charges by citing to Chiarella v. United States, 445 U.S. 222, 228 (1980) ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak."). However, Chiarella dealt with a conviction under Section 10(b) of the Securities Exchange Act of 1934 and the issue  was "whether a person who learns from the confidential documents of one corporation that it is planning an attempt to secure control of a second corporation violates § 10(b) of the Securities Exchange Act of 1934 if he fails to disclose the impending takeover before trading in the target company's securities". Chiarella, 445 U.S. at 222. The defendant in Chiarella was a printer who while doing his job learned of corporate takeovers and bought stock in the corporations

6

to be taken over before the information became public, subsequently selling the stock at substantial profit.  While corporate insiders who use undisclosed information for their own benefit can be found in violation of § 10(b), this defendant was not a corporate insider. Chiarella, 445 U.S. at 229.  The printer of Chiarella is very different from defendant Kevin A. Thobias who "through a series of limited liability companies owned by Nutragroup Holdings LLC ("Nutragroup"), was a third-party seller that sold supplements on Amazon Marketplace" and "sold certain assets to Company A".  *See* ECF No. 1, ¶¶ 2 and 15.  The First Circuit has held that the wire fraud statute encompasses "actual, direct false statements" and "half-truths and the knowing concealment of facts." The United States is not required, for purposes of materiality, to prove that the falsehoods were relied on, but rather that they "had a natural tendency to influence, or [were] capable of influencing [their] target's decision." United States v. Condron, 98 F.4th 1, 19–20 (1st Cir. 2024).  The First Circuit noted in Condron that for the purposes of the wire fraud statute the lack of an explicit requirement to disclose the personal relationship object of that case did not "immunize Condron's January 11 representation".  Condron, 98 F.4th at 23, citing United States v. Lloyd, 807 F.3d 1128, 1153 (9th Cir. 2015) (affirmative "misleading half-truth[s]," do not require proof of a duty to disclose) and  United States v. Keplinger, 776 F.2d 678, 697 (7th Cir. 1985) ("It requires no extended discussion of authority to demonstrate that omissions or concealment of material information can constitute fraud ... under the mail fraud statute, without proof of a duty to disclose the information pursuant to a specific statute or regulation.").

**CONCLUSION**

Courts routinely rebuff efforts to use a motion to dismiss to test the sufficiency of the evidence behind an indictment's allegations." <u>United States v. Wipp-Kelley</u>, 98 F. Supp. 3d 405, 407 (D.P.R. 2015).  The only analysis that matters when addressing a motion to dismiss an indictment is whether the indictment contains sufficient factual allegations. An indictment only needs to allege facts supporting every element of the offenses charged. <u>United States v. Ngige,</u> 780 F.3d 497, 502 (1st Cir. 2015).  The Indictment contains sufficient factual allegations supporting every element of the offenses charged. Ultimately, at trial, a jury will be well equipped to consider whether the Government has satisfied each element of the charged offenses after considering all the evidence. The Motion to Dismiss should be denied.

WHEREFORE, the United States respectfully requests that the Honorable Court DENY Defendant's Motion to Dismiss the Indictment.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this March 20, 2026.

W. Stephen Muldrow
United States Attorney

/s/ *Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez
USDC No. 218011
Assistant United States Attorney
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, PR 00918

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

defense counsel.

/s/ *Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez
USDC No. 218011
Assistant United States Attorney